**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
JAIME CHAMORRO,                    :
                                   :   Civil Action No. 06-841 (WJM)
            Petitioner,            :
                                   :
       v.                          :        O P I N I O N
                                   :
OSCAR AVILES, Warden,              :
                                   :
            Respondent.            :
_____:

**APPEARANCES:**

Jaime Chamorro, Pro Se
A 38 694 879
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**MARTINI**, District Judge

On February 24, 2006, Petitioner, confined at the Hudson County Correctional Center, Kearny, New Jersey, submitted for filing to the Clerk of this Court the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  For the following reasons, the Court will dismiss the petition for lack of jurisdiction, and grant Petitioner leave to file a civil complaint.

**BACKGROUND**

Petitioner is an immigration detainee in the custody of the Immigration and Customs Enforcement Agency of the United States

Department of Homeland Security.  He complains that the warden of the Hudson County Correctional Center, where he is currently detained, charges him an extra 10% surcharge on commissary items, which is applied towards the State of New Jersey Victims of Crime Compensation Board.  He argues that as a federal detainee, he is exempted from such a charge.  Petitioner asks for injunctive and monetary relief.

**DISCUSSION**

**A.    Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the

face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

**B.    The Petition Will Be Dismissed for Lack of Jurisdiction.**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, because "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected," habeas relief is unavailable to Petitioner.  See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"- the validity of the continued conviction or

3

> the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, Petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected Petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of Petitioner's incarceration would not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit noted that the relief requested by Petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d Cir. 1981).  The court of appeals followed United States Supreme Court precedent in Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), to note that the district court was incorrect in finding that Petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  The court of

appeals found that despite this error, Petitioner's claims were subject to dismissal.  See id.

In the instant habeas petition, because Petitioner's claims concern conditions of prison life, not the fact or duration of his incarceration, they are more properly brought in an appropriate civil action.  The Court will grant Petitioner 30 days leave, from the date of entry of the order accompanying this opinion, to inform the Court if he wishes to proceed with his case as a civil action.  If Petitioner wishes to proceed as such, he would be subject to the $250.00 filing fee or may apply to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  Petitioner's action would also be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b).[1]

## CONCLUSION

Based upon the foregoing, the Petitioner will be granted leave to convert this action to a civil action.  An appropriate Order accompanies this Opinion.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated: March 15, 2006

---

[1]  The Court also notes that the 10% surcharge on prison commissary purchases complained of by Petitioner has been upheld as valid under various clauses of the United States Constitution, including the Due Process Clause.  See Myrie v. Comm'r New Jersey Dep't of Corrections, 267 F.3d 251 (3d Cir. 2001).

5